

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9288 | DATE | 2/5/2003 |
| CASE TITLE | Traci Smith vs. Westfield Ford, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. As stated at the outset, the several items identified here call for the entire Answer and Affirmative Defenses to be stricken so that, when Westfield corrects the present deficiencies, any reader will be able to deal with a self-contained pleading rather that having to move back and forth between two separate documents. Leave is ranted to file that new self-contained responsive pleading in this Court's chambers on or before February 18, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 06 2003 | |
| | Notified counsel by telephone. | | date docketed | 2 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/5/2003 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRACI SMITH,                    )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 02 C 9288
                                )
WESTFIELD FORD, INC.,           )
                                )
            Defendant.          )

MEMORANDUM ORDER

Westfield Ford, Inc. ("Westfield") has filed its Answer and Affirmative Defense ("AD") to the Title VII Complaint brought against it by its ex-employee Traci Smith ("Smith"). Because that responsive pleading exhibits some departures from fundamental principles of federal pleading, this Court strikes it sua sponte--but with leave granted to replead.

To begin with, several of Westfield's responses (Answer ¶¶3, 7, 8 and 9) misstate the standards that are explicitly spelled out in the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the predicate for getting the benefit of a deemed denial, sometimes coupling that departure with a meaningless demand for "strict proof." In both of those respects, see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Those paragraphs are therefore stricken.

Answer ¶7 also declines to answer the allegations of Complaint ¶7 on the premise that a document "speaks for itself." Even apart from the obvious problem that, as Westfield's counsel states, the document is not attached to the Complaint (thus rendering it impossible for this Court to know whether Smith's allegations are or



are not accurate), that notion is unacceptable--see App. ¶3 to State Farm. Answer ¶7 must therefore be recast.

Finally, some aspects of the AD (the concept of which is defined by Rule 8(c) and by the caselaw applying that Rule) must be cleaned up. AD ¶4 is at odds with the fundamental notion that an AD *admits* a plaintiff's allegations but explains why defendant is nonetheless not liable to plaintiff--that paragraph directly contradicts Complaint ¶18, which Westfield has already put in issue by its denial. Accordingly AD ¶4 is also stricken. And relatedly, the opening clause of AD ¶5 is inconsistent with the fundamental nature of an AD, and it too is stricken.

As stated at the outset, the several items identified here call for the entire Answer and AD to be stricken so that, when Westfield corrects the present deficiencies, any reader will be able to deal with a self-contained pleading rather than having to move back and forth between two separate documents. Leave is granted to file that new self-contained responsive pleading in this Court's chambers (with a copy of course to be transmitted to Smith's counsel) on or before February 18, 2003.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: February 5, 2003

---

[1] No charge is to be made to Westfield by its counsel for the added work and expense incurred in correcting counsel's errors. Westfield's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

2